UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, a person or entity whose identity is currently unknown,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING EX PARTE MOTION FOR EXPEDITED DISCOVERY (DOC. NO. 5)**<br><br>Case No. 2:22-cv-00438<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Volkswagen Group of America, Inc. ("VW") moves for expedited discovery in advance of a Rule 26(f) scheduling conference in order to identify the defendant in this case. (Mot., Doc. No. 5.) VW filed this action under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), alleging the defendant, whose identity is unknown, is operating a website designed to appear to be operated by a VW dealer when it is not. (Compl. ¶ 1, Doc. No. 2.) VW seeks leave to subpoena the domain name registrar, Dynadot, to obtain the identity and contact information of the defendant. (Mot. 2, Doc. No. 5.)

Rule 26 of the Federal Rules of Civil Procedure provides "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). "'[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures.'" *Vient v. Ancestry*, No. 2:19-cv-00051, 2019 U.S. Dist. LEXIS 237828, at *2 (D. Utah Mar. 4, 2019) (unpublished) (quoting *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D.

1

418, 419 (D. Colo. 2003)).  Courts routinely permit expedited discovery into the identities of defendants in cases involving claims that a website is being used for copyright infringement or other unlawful activity.  *E.g.*, *Crazy ATV, Inc. v. Probst*, No. 1:13-cv-00114, 2014 U.S. Dist. LEXIS 6414, at *4–5 (D. Utah Jan. 16, 2014) (unpublished); *1524948 Alberta Ltd. v. John Doe 1-50*, No. 2:10 cv 0900, 2010 U.S. Dist. LEXIS 100482, at *3–4 (D. Utah Sept. 22, 2010) (unpublished).

VW has shown good cause to permit expedited discovery regarding the defendant's identity in this case.  VW alleges the defendant is unlawfully operating a website designed to impersonate a VW dealer and making unauthorized use of VW trademarks.  (Compl. ¶¶ 1, 14–16, Doc. No. 2.)  And VW represents the domain name registrar will not release the identity or contact information of the registrant without a subpoena.  (Mot. 4, Doc. No. 5.)  Under these circumstances, VW has demonstrated expedited discovery is necessary to identify and serve the defendant.

VW's motion for expedited discovery is GRANTED.  VW may serve a subpoena on the domain name registrar seeking the defendant's identity and contact information.

DATED this 12th day of July, 2022.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge